**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN THE MATTER OF: ) | CASE NO. | 17-80548 |
| ) | | |
| Kristopher Howard Ritchie ) | | |
| , ) | AMENDED | |
| ) | CHAPTER 13 PLAN | |
| Debtor(s). ) | | |

### 1. PAYMENTS

The Debtor or Debtors (herinafter called "Debtor") submit to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan (unless otherwise specified by law) as follows:

| | | | | Pmt. Amt | start date: | |
|---|---|---|---|---|---|---|
| No. of monthly pmts. made to date: | | 2 | | | Total paid to date: | $501 |
| A. Payment(s) | 2 | to | 48 | $325 | 05/20/17 | $15,275 |
| B. Payment(s) | | to | | | | |
| C. Payment(s) | | to | | | | $0 |
| D. Payment(s) | | to | | | | $0 |
| | | | | | Base amount: | $15,776 |

The payment shall be withheld from the Debtor's paycheck:    Yes*: X    No:

* The Trustee shall only implement an employer withholding if specific employer name is listed below.

Employee's name whose payroll is deducted:    Debtor:  Kristopher Howard Ritchie    Co-Debtor:
Employer's name, address, city, state, phone:    Interstate Power Systems Inc
2901 E. 78th St
Minneapolis, MN 55425

Special Notes:

Amended Plan Notes (if applicable):    This plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior plan filed in this case.
Debtor is paid:    bi-weekly    Co-debtor is paid:

NOTE:  PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS.  IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS.  IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION.  THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOY DEDUCTION BEGINS.

### 2. ORDER OF PAYMENT OF CLAIMS

Applicable Trustee fees shall be deducted pursuant to 28 U.S.C. 586.  Claims shall be paid in the following order:
1) 11 U.S.C. 1326(a)(1)(B) & C pre-confirmation payments for adequate protection or leases of personal property; 2) payments to secured creditors under 11 U.S.C. 1325(a)(5), payments due on executory contracts, the Debtor's attorney fees, 11 U.S.C. 507(a)(1)(A) priority domestic support claims and approved Chapter 7 Trustee compensation, 3)  Other administrative expense under 11 U.S.C. 503;
4)  Other priority claims in the order specified in 11 U.S.C. 507(a) including post-petition tax claims under 11 U.S.C. 1305;
5) Co-signed consumer debts; 6) General unsecured claims. Unless otherwise noted, claims within each class shall be paid pro-rata.
If funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 Trustee may distrubte those funds to secured creditors in payment of their allowed secured claims.

### 3. 11 U.S.C. 1326(a)  PRE-CONFIRMATION (AND POST CONFIRMATION) ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS

The following pre-confirmation adequate protection payments on claims secured by personal property, pre-confirmation lease payments for leases of personal property and co-signed debts shall be paid by the Trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will <u>immediately</u> commence plan payments to the Trustee.  Creditors must file a proof of claim to receive payment.  Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30 day period.  <u>Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this plan.</u>

| Creditor's Name and Full Address | | Last Four Digits of Account Number | | Date of Next Payment Due | Monthly Payment Amount |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| American Honda Finance | 3625 W. Royal Lane, Irving, TX 75063 | 9007 | | 5/30/2017 | $63 |
| Freedom Road Financial | 10509 Professional Cir S, Reno, NW, 89521 | 1638 | | 6/30/2017 | $26 |
| | | | | | |
| | | | | | |

### 4. ADMINISTRATIVE CLAIMS

Trustee fees shall be deducted from each payment disbursed by the Trustee.

Neb. R. Bankr. P. 2016-1(A)(4) and Appendix "K" provide for the maximum allowance of Chapter 13 attorney fees and expenses which may be included in a Chapter 13 plan. Total fees or costs in excess of this amount must be approved through a separate fee application. Fees and costs requested for allowance are as follows:

Attorney compensation selection:     Standard Allowable Amount ("SAA") per Appendix "K", as amended.

| Total Fees Requested | Fees Received Prior to Filing | Balance of Fees to be Paid in Pl |
|---|---|---|
| $3,700.00 | $0.00 | $3,700.00 |
| Total Costs Requested | Costs Received Prior to Filing | Total Fees Requested |
| $200.00 | $0.00 | $200.00 |

ATTORNEY FEES AND COSTS ALLOWED SHALL BE PAID PRIOR TO PAYMENT OF SECURED CLAIMS LISTED IN PARAGRAPH NUMBER 6.

### 5. PRIORITY CLAIMS

11 U.S.C. 1322(a) provides that all claims entitled to priority under 11 U.S.C. 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for priority claims under 11 U.S.C. 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

    A) Domestic Support Obligations:
        1)    X    None. If none, skip to Priority Taxes.
        2)    The name(s), address(es) and phone number(s) of the holder of ANY domestic support obligation as defined in 11 U.S.C. 101(14A):

DEBTOR

| Name | Address, City and State | Zip Code | Telephone |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

CO-DEBTOR

| Name | Address, City and State | Zip Code | Telephone |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

        3) The debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

    B) Arrearages owed to Domestic Support Obligation holders under 11 U.S.C. 507(a)(1)(A):

        1)    _____    None. If none, skip to subparagraph C below.
        2) Name of holder of Domestic Support Obligation Arrearage Claim, estimated arrears & monthly payment.

DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Interest rate, if any | Monthly payment on arrearage |
|---|---|---|---|
|  |  |  | $0.00 |
|  |  |  |  |
|  |  |  |  |

CO-DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Interest rate, if any |  |
|---|---|---|---|
|  |  |  | $0.00 |
|  |  |  | $0.00 |
|  |  |  | $0.00 |

    C) Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. 507(a)(1)(B):

1)        X        None.  If none, skip to Priority Tax Claims.
2) Name of Creditor, estimated arrearage claim and any special payment provisions:

### DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment | Interest rate, if any | # of months | Payment amt, if any |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

### CO-DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment | Interest rate, if any | # of months | Payment amt, if any |
|---|---|---|---|---|---|
|  | $0.00 |  | 0.00% | 48 | $0.00 |
|  | $0.00 |  | 0.00% | 48 | $0.00 |

D)  Priority Tax Claims Including Post-Petition Tax Claims Allowed under 11 U.S.C. 1305

| Name of Creditor | Estimated Claim | Interest rate, if any |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

E)  Chapter 7 Trustee Compensation allowed under 1326(b)(3):

| Amount Allowed | Monthly Payment (Greater of $25 or 5% of Monthly Payment to unsecured creditors) |
|---|---|
| $0.00 | $0.00 |

F)  Other Priority Claims:                                                                                    Amount:          $0.00

6.  SECURED CLAIMS

A-1)  Home Mortgage Claims (including claims secured by real property which the debtor intends to retain)
Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments
ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim.
Any pre-petition arrearage shall be paid through this Chapter 13 Plan with interest and in equal monthly payments as specified below.
The amount of arrears is determined by the proof of claim, subject to the right of the debtor to object to the amount set forth in the claim.

*   ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY
PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL.

| NAME OF CREDITOR | PROPERTY DESCRIPTION | Estimated pre-petition arrearage | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments plus interest |
|---|---|---|---|---|---|---|
|  | Personal Residence |  |  |  | * | $0.00 |
|  | Personal Residence |  |  |  | * | $0.00 |
|  | Personal Residence |  |  |  | * | $0.00 |
|  |  |  |  |  | * |  |
|  |  |  |  |  | * |  |
|  |  |  |  |  | * |  |
| Totals: |  | $0.00 |  |  |  | $0.00 |

A-2)  The following claims secured by real property shall be paid in full through the Chapter 13 Plan:
Description or address of property:

| NAME OF CREDITOR | PROPERTY DESCRIPTION | Estimated amount to be paid through plan before | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments |
|---|---|---|---|---|---|---|

|  |  |  | interest |  |  |  | plus interest |
|--|--|--|--|--|--|--|--|
|  |  |  |  |  |  | * | $0.00 |
|  |  |  |  |  |  | * | $0.00 |
|  |  |  |  |  |  | * | $0.00 |

A-3) <u>The following claims secured by real property shall be bifurcated into secured and unsecured portion.  The secured portion shall be paid in full through</u> the Chapter 13 Plan.  The unsecured portion shall be paid pursuant to the terms of paragraph 9 herein.

| NAME OF CREDITOR | PROPERTY DESCRIPTION | Secured claim amount to be paid through plan before interest | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | Total Secured Payments plus interest |
|--|--|--|--|--|--|--|
|  |  |  |  |  | * | $0.00 |
|  |  |  |  |  | * | $0.00 |

B) <u>Post-Confirmation Payments to Creditors Secured by Personal Property.</u>  Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2).  If the Debtor elects a different method of payment, such provision is set forth in subparagraph (3).

1) <u>Secured Claims to which 11 U.S.C. 506 Valuation is NOT applicable:</u>

Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy <u>OR</u> debts secured by a purchase money security interest in "any other thing of value," incurred within one year prior to filing of the bankruptcy.  These claims will be paid, with interest, as provided below and in equal monthly payments as specified below.  Once the Chapter 13 Trustee has paid a creditor listed in this section in full, including Plan interest, the creditor shall release its lien on said collateral forthwith.

*  ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL

| Name of Creditor | Property Description |  |  | FIRST LINE: fair market value of property SECOND LINE: Est. claim amt |  | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments plus interest |
|--|--|--|--|--|--|--|--|--|--|
|  |  |  |  |  |  | 5.75% | 5.75% | * | $0 |
|  |  |  |  |  |  | 5.75% | 5.75% | * | $0 |
| American Honda Finance | 2010 honda CRF |  |  | $3,780.00 $1,092.00 |  | 5.75% | 5.75% | Payments of no less than the below listed amount shall continue post confirmation $63 | $1,237 |
| Freedom Road Financial | 2012 KTM 65SX Mini |  |  | $1,560.00 $1,888.77 |  | 5.75% | 5.75% | Payments of no less than the below listed amount shall continue post confirmation $26 | $2,140 |

|  |  |  | Totals: | $3,377 |
|---|---|---|---|---|

2) <u>Secured Claims to which 11 U.S.C. 506 Valuation is applicable:</u>

Claims listed in this subsection are debts secured by personal property <u>not</u> described in the prior paragraph of this plan, 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below and in equal monthly payments as specified below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured. The value of the secured property is determined by the proof of claim, subject to the right of the debtor to object to such valuation.

\* ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL.

| Name of Creditor | Property Description | FIRST LINE: fair market value of property SECOND LINE: Est. claim amt | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments plus interest |
|---|---|---|---|---|---|---|
|  | 0 | $0.00 / $0.00 | 5.75% | 5.75% | * | $0 |
|  |  |  | 5.75% | 5.75% | * | $0 |
|  |  |  | 5.75% | 5.75% | * | $0 |
|  |  |  | 5.75% | 5.75% | * | $0 |
|  |  |  | 5.75% | 5.75% | * | $0 |
|  |  |  | 5.75% | 5.75% | * | $0 |

|  |  |  |  | Totals: | $0 |
|---|---|---|---|---|---|

3) <u>Other provisions</u>:

C) <u>Surrender of Property</u>

    1)      CLAIMS IN WHICH 11 U.S.C. 506 APPLIES:

The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in full through surrender of the collateral. Any unseucred deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court.

| Collateral to be surrendered | Name of Creditor |
|---|---|
| | |
| | |
| | |

D) Lien Avoidance

The Debtor shall file a Motion to Avoid the lien of the following creditor(s):

| Name of Creditor | Amount owed | Property upon which debtor will seek to avoid lien |
|---|---|---|
| | $0.00 | |
| | $0.00 | |
| | $0.00 | |

7. EXECUTORY CONTRACTS / LEASES

    A) The Debtor rejects the following executory contracts:

| Name of Creditor | Property subject to executory contract |
|---|---|
| | |
| | |
| | |

    B) The Debtor assumes the executory contract / lease referenced below and provides for the regular contract / lease payment to be included in the Chapter 13 Plan. Any pre-petition arrearage will be cured in monthly payments as noted below:

| Name of Creditor | Property subject to executory contract / lease | Estimated Arrearages on contract as of date of filing | Monthly payment to be made on contract arrearage | Regular number of contract payments remaining as of the date of filing | Amount of regular contract payment | Due date of regular contract payment | Total Payments (arrears + regular contract payments) |
|---|---|---|---|---|---|---|---|
| 0 | 0 | | $0.00 | $0.00 | 0 | $0.00 | $0.00 |
| | | | $0.00 | $0.00 | 0 | $0.00 | $0.00 |
| | | | $0.00 | $0.00 | 0 | $0.00 | $0.00 |

8. CO-SIGNED UNSECURED DEBTS

    A) The following co-signed debts shall be paid in full at the contract rate of interest from petition date.

| Name of Creditor | Estimated Amount Due | Contract Rate of Interest | Total Due |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

9. UNSECURED CLAIMS

The unsecured creditors shall be classified pursuant to Bankruptcy Code Sec. 1322(b)(1) in the following manner:

Unsecured creditor class 1:
    Description/treatment of sub-class: _____

    Name: N/A    Claim: _____    Int. rate: _____    Total: _____
    Name: N/A    Claim: _____    Int. rate: _____    Total: _____
    Name: N/A    Claim: _____    Int. rate: _____    Total: _____

Unsecured creditor class 2:
    All remaining allowed unsecured claims shall be paid prorata of all remaining funds.

10. ADDITIONAL PROVISIONS

    A) If there are no resistances / objections to confirmation or approval of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

    B) Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during pendency of this case.

    C) In order to obtain distributions under the plan, a creditor must file a proof of claim within ninety (90) days after the first date set for the Meeting of Creditors except as provided in 11 U.S.C. 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

    D) Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien

securing such claim as provided in 11 USC 1325(a)(5)(B)

E) After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation pleadings. Pleadings shall include applications for fees, amended plans and motions. Pleadings shall be served on all parties in interest. For purposes of this limited notice provision, a party in interest is a party whose interest is directly affected by the motion, a creditor who has filed a proof of claim, a party who has filed a request for notice, any governmental agency or unit that is a creditor and all creditors scheduled as secured or priority creditors. Any pleading filed with limited notice shall include a certificate of service specifically stating it was served with limited notice on all parties in interest pursuant to Neb. R. Bankr. P. 9013-1(E)(1). Failure to comply shall result in deferral of the motion until a proper certificate of service is filed.

F) Other provisions, if any:

Dated:   06/20/17 .

BY: /s/ Ashley A. Buhrman
Ashley A. Buhrman, #25036
John T. Turco & Associates, P.C., L.L.O.
2580 South 90th St.
*Omaha, NE  68124*
Telephone:  (402) 933-8600
Attorney for Debtor(s)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO:   17-80548 |
| | ) | |
| Kristopher Howard Ritchie | ) | CHAPTER 13 |
|                             , | ) | |
| | ) | |
| Debtor(s). | ) | |

**NOTICE OF FILING
AMENDED CHAPTER 13 PLAN
AND NOTICE OF TIME FOR FILING RESISTANCES/OBJECTIONS**

TO:  All Creditors and Interested Parties:

You are hereby notified that the Debtor(s) herein has (have) filed a CHAPTER 13 PLAN, a copy of which is attached hereto.

**You are further notified that any resistance to the Plan must be filed no later than     7/11/2017          with the Clerk of the Bankruptcy Court, 111 South 18th Plz., Ste 1125, Omaha, Nebraska, 68102-1321                                                    .**

A copy of said resistance shall be served upon the undersigned Attorney.  If no resistances are filed, then the Plan shall be approved without further hearing.  If a timely resistance or request for hearing is filed and served, the Debtor has until              7/25/2017   to file a response with the Court.  All responses shall set forth specific factual and legal details and conclude with a request for relief.  Any response that fails to include specific factual and legal details will not be considered.  Upon filing of the Debtor's response to the objection to confirmation (or approval) the Court, at its discretion, may schedule a confirmation hearing or rule without further notice or hearing.

1. If the Debtor fails to file a timely response to the objection to confirmation or files a response that lacks specific factual and legal details, the Court will enter an order sustaining the objection and denying confirmation (or approval) of the Debtor's plan, and the Debtor will be ordered to file an amended plan in 21 days.

2. If the objection to confirmation (or approval) is settled, the parties must notify the Courtroom Department of the settlement or file an amended plan, prior to the expiration of the Debtor's response deadline.

All objections/resistances shall set forth the specific factual and legal basis for  the objection/resistance and conclude with the particular request for relief.  If an objection/ resistance is filed without the specific factual and legal basis included, the matter will be submitted to the Judge without a hearing.

Dated:        6/20/2017

Kristopher Howard Ritchie                                                              ,

Debtor(s)

By: */s/ Ashley A. Buhrman*
Ashley A. Buhrman, #25036
John T. Turco & Associates, P.C., L.L.O.
2580 South 90th Street
Omaha, Nebraska  68124-2050
Voice:  (402) 933-8600
Fax:     (402) 934-2848
Attorney for Debtor(s)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO:   17-80548 |
| | ) | |
| Kristopher Howard Ritchie | ) | CHAPTER 13 |
| , | ) | |
| | ) | |
| Debtor(s). | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the described documents:

1) AMENDED CHAPTER 13 PLAN ,

2) NOTICE OF FILING
AMENDED CHAPTER 13 PLAN
AND NOTICE OF TIME FOR FILING RESISTANCES/OBJECTIONS

were mailed via U.S. Mail, postage prepaid, on   6/20/2017  , to all creditors and parties in interest listed on Exhibit "A" attached hereto.

/s/ Ashley A. Buhrman
Ashley A. Buhrman, #25036
John T. Turco & Associates, P.C., L.L.O.
2580 South 90th Street
Omaha, Nebraska  68124-2050
Voice:  (402) 933-8600
Fax:     (402) 934-2848

EXHIBIT "A"

Aaron Peck
2612 W 90th St
Sioux Falls, SD 57118

Allied Interstate
7525 West Campus Road
New Albany, OH 43054

American Honda Finance
3625 W Royal Lane
Irving, TX 75063

American Honda Finance Corporation
National Bankruptcy Center
Po Box 168088
Irving, TX 75016-8088

AT T
7820 Dodge Street
Omaha, NE 68114

Barclays Bank Delaware
100 S West St
Wilmington, DE 19801

California Advanced Imagine Medical Asso
PO Box 6102
Novato, CA 94948

Capital One
Attn: General Correspondence/Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Capital One
PO Box 30281
Salt Lake City, UT 84130-0281

CHI Health Business Office
2301 N 117th Ave
Ste 100
Omaha, NE 68164

Creditors Bureau
757 L St
Fresno, CA 93721

Dell Financial Services
Attn: Bankruptcy
Po Box 81577
Austin, TX 78708

Douglas County Attorney
1819 Farnam Street
Civic Center, Suite 909
Omaha, NE 68183

Douglas County Treasurer
1819 Farnam Street, H-02
Omaha, NE 68183

Encore Receivable Management
400 N Rogers Rd
PO Box 3330
Olathe, KS 66063

Freedom Road Financial
10509 Professional Cir S
Reno, NV 89521

Freedom Road Financial
PO Box 64090
Tucson, AZ 85728-4090

Global Credit Collection
5440 N. Cumberland Ave
Ste 300
Chicago, IL 60656-1490

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Jennifer Raumaker
1025 N 50th Ave
Omaha, NE 68132

Kristopher Ritchie
1025 N. 50th Ave
Omaha, NE 68132

Lending Club Corp
71 Stevenson St
Suite 300
San Francisco, CA 94105

MCA
4005 S 148th St
Omaha, NE 68137

Nebraska Department of Revenue
Attn: Bankruptcy Unit
P.O. Box 94818
Lincoln, NE 68509-4818

Nebraska Orthopedic Hospital
2808 S. 143rd Plaza
Omaha, NE 68144

Orthowest
2725 South 144th St., Suite 212
Omaha, NE 68144

PayPal Credit
PO Box 105658
Atlanta, GA 30348

Syncb/car Care Disc Ti
C/o Po Box 965068
Orlando, FL 32896

Syncb/car Care Syn Car
C/o Po Box 965068
Orlando, FL 32896

Syncb/PLCC
Attn: Bankruptcy
Po Box 965064
Orlando, FL 32896

| | | |
|---|---|---|
| Synchrony Bank/Care Credit<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896 | Synchrony Bank/HH Gregg<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896 | Synchrony Bank/Walmart<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896 |
| TekCollect Inc<br>Po Box 1269<br>Columbus, OH 43216 | Vital Recovery Services<br>3795 Data Dr, Ste 200<br>Norcross, GA 30092 | Wells Fargo<br>PO Box 29779<br>Phoenix, AZ 85038 |